E-FILED
Tuesday, 22 May, 2007  09:41:33 AM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

**CERTIFIED COPY**

Date: April 18, 2007

BEFORE:        Honorable KENNETH F. RIPPLE, Circuit Judge

               Honorable MICHAEL S. KANNE, Circuit Judge

               Honorable DIANE S. SYKES, Circuit Judge

No. 06-2074

UNITED STATES OF AMERICA,
        Plaintiff - Appellee

  v.

BENNIE L. CARRUTHERS, JR.,
        Defendant - Appellant


Appeal from the United States District Court for the
Central District of Illinois
No. 05 CR 40102, Joe Billy McDade, Judge

    Counsel's motion to withdraw is GRANTED and the appeal is
DISMISSED, in accordance with the decision of this court entered on this
date.

(1060-110393)

**CERTIFIED COPY**
True Copy:
Teste: [signature]
Clerk of the United States
Court of Appeals for the
Seventh Circuit

CERTIFIED COPY

> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 18, 2007
Decided April 18, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-2074 | |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 05-40102-001 |
| BENNIE L. CARRUTHERS, JR.,<br>*Defendant-Appellant.* | Joe Billy McDade, Judge. |

### ORDER

CERTIFIED COPY
A True Copy:
Teste:
Clerk of the United States
Court of Appeals for the
Seventh Circuit.

Bennie Carruthers pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 120 months' imprisonment. He filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's brief is facially adequate, and Carruthers has not responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission, so we review only the potential issues that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Carruthers was driving his girlfriend, Vanya Howard, in her car toward Rock Island, Illinois, when Randy Crawford—who had previously dated Howard—pulled

No. 06-2074 Page 2

up beside them. After Crawford yelled some rude remarks, Carruthers chased him into a residential neighborhood and fired a handgun twice at his car. No one was hurt, but one bullet struck a house. A witness called police and provided a description of Howard's car. A search of the car and her residence turned up a revolver and ammunition. The case was referred to federal authorities, and Carruthers entered a blind guilty plea to the § 922(g)(1) charge.

The probation officer who prepared the presentence investigation report calculated a total offense level of 25 and a criminal history category of VI, yielding a guidelines imprisonment range of 110 to 137 months. The statutory maximum is ten years, however, so that became the upper end of the range. *See* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(c)(1). Carruthers did not file any objections to the presentence report. The sentencing court, after noting that Carruthers posed a danger to the public and that others must be deterred from committing similar crimes, selected the high end of the guidelines range.

The one potential issue that counsel identifies is whether Carruthers might argue that his prison sentence is unreasonable because the sentencing court did not explicitly mention his history, characteristics, and potential for rehabilitation. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(D). Counsel recognizes that Carruthers's sentence is presumed reasonable because it falls within the properly calculated guidelines range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has recently granted a writ of certiorari to consider whether affording a presumption of reasonableness to a sentence within the guidelines range is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, 177 Fed. Appx. 357 (4th Cir. 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that question would not affect our conclusion that any challenge to Carruthers's sentence would be frivolous.

A sentencing court need not recite the § 3553(a) factors in a "'checklist fashion.'" *United States v. Farris*, 448 F.3d 965, 969 (7th Cir. 2006) (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). "It is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors." *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). The sentencing court here meaningfully considered the § 3553(a) factors before deciding that a sentence at the high end of the guidelines range was appropriate. For instance, the court noted the need to protect the public from Carruthers's indiscriminate gun use. *See* 18 U.S.C. § 3553(a)(2)(C). The court also emphasized that it was sentencing Carruthers to the maximum allowable sentence to send a message "to people who do or may think about using guns." *See id.* § 3553(a)(2)(B). The court acknowledged that Carruthers was remorseful, but noted that in fashioning an appropriate sentence it "must look at the danger to the community

No. 06-2074 Page 3

and to deter other people from doing what you've done." Thus, as counsel concludes, it would be frivolous for Carruthers to argue that the sentence is unreasonable or that the court failed to adequately explain its reasons for imposing the sentence it did.

Therefore, the motion to withdraw is GRANTED, and the appeal is DISMISSED.